IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

SAMER ABDEL HALIM SALEH,

Petitioner,

v.

TODD BLANCHE, Attorney General;
MARKWAYNE MULLIN, Secretary, DHS;
DAVID VENTURELLA, Acting Director, ICE;
Officer-in-Charge, ICE ERO Kansas; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3369-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the adequacy of his immigration bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Jordan, entered the United States in 2015, and his conditional permanent residence status was terminated in 2020. Petitioner was detained by immigration officials on July 23, 2026. Petitioner requested a bond hearing in immigration court, and after a hearing on September 16, 2026, an immigration judge (IJ) denied release on bond, finding that petitioner both presented a danger to the community and posed a flight risk. Petitioner remains in custody in this judicial district pending removal proceedings. Petitioner filed the instant action on September 30, 2026; respondents have

filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

By this petition, petitioner claims that his bond hearing was not constitutionally adequate (1) because he was not permitted to testify at the hearing, and (2) because the IJ based his decision only on an account in the arrest report that petitioner fled and resisted arrest, without considering all other relevant factors including alternatives to detention. The Court concludes, however, that petitioner is not entitled to relief.

As petitioner concedes, this Court lacks jurisdiction to consider a challenge to an immigration judge's bond determination. *See Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)). Petitioner insists that he does not challenge the immigration judge's discretionary decision regarding bond, but instead challenges the manner in which the hearing was conducted. The Court therefore assumes that it has jurisdiction to address that narrow claim as presented by petitioner.

The Court first concludes that petitioner has not properly exhausted his administrative remedies because he did not pursue an appeal of the bond denial to the Board of Immigration Appeals (BIA). As a general rule, "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," although a narrow exception may apply if the petitioner demonstrates that exhaustion is futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The Court agrees with respondents that requiring petitioner to have completed an appeal to the BIA is appropriate here, as the BIA could have addressed petitioner's complaints concerning the sufficiency and type of evidence at the bond hearing and could have reversed the immigration judge's denial of bond. Petitioner has not shown

that his failure to exhaust in this case should be excused. Petitioner notes that such an appeal effectively prohibits a second bond hearing while the appeal is pending, and he argues that pursuing such an appeal would continue his detention for months; but petitioner has not identified any changed circumstances that would entitle him to second hearing, and his removal case would proceed regardless of any bond denial appeal. The Court certainly does not agree with petitioner that requiring a BIA appeal here would present a "Kafkaesque" situation.

The Court also denies petitioner's claim on the merits, as petitioner has not shown that his bond hearing violated due process.[1] At the hearing, petitioner was represented by counsel; his counsel argued the merits of his bond request, including petitioner's lack of criminal history, fixed address, length of residence in the United States, his family ties, his employment history, and his history of attendance at immigration proceedings; and petitioner's counsel specifically addressed how petitioner disputed the account in the arrest report. Petitioner also was permitted to and did submit multiple exhibits for the IJ's review, including petitioner's written statement in which he gave his version of events at his arrest and stated that he was not intending to flee but that he was merely confused because the arresting officers had not identified themselves as ICE officers. Petitioner argues that the IJ did not permit him to give live testimony at the hearing; but although petitioner's counsel argued at the hearing that the IJ could have asked petitioner questions, it does not appear that counsel insisted that petitioner be allowed to testify or specifically objected on that

[1] Petitioner has not disputed respondents' account of what occurred at the bond hearing.

basis. Moreover, petitioner has not explained how his live testimony would have added materially to the written statement that had been submitted as evidence. Thus, petitioner has not shown that he was denied the opportunity at the bond hearing to be heard in a meaningful way concerning the merits of his request for release on bond.

Petitioner has also failed to show that the IJ's decision was constitutionally deficient. The IJ specifically addressed the purported factual dispute concerning the arrest, finding it likely that the arresting officers had identified themselves and that petitioner had resisted even when presented with identification. Petitioner argues that the IJ should not have inferred from his fleeing and resisting arrest that he poses a risk of fleeing removal enforcement; but that challenge to the relevancy and weighing of evidence presents the very question that this Court lacks jurisdiction to answer. Petitioner also argues that the IJ improperly relied only on the arrest report and did not consider other relevant factors. Not only did the IJ explain why that arrest conduct was probative, however, he also specifically cited the fact that petitioner has not sought any relief from removal in considering whether petitioner presented a flight risk. In addition, petitioner has not shown that due process requires an IJ to mention every possibly relevant factor in issuing a decision; nor has he shown that the IJ refused to consider relevant evidence or factors. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (joining other circuits in recognizing a presumption that immigration courts review evidence submitted) (citing cases). The Court

concludes that petitioner has not shown that his bond hearing violated due process, and the Court therefore denies the petition.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 28th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[2] The Court denies as moot petitioner's request in his traverse for immediate injunctive relief in the form of his release or a constitutionally adequate bond hearing before his next immigration court hearing scheduled for his date.